IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

KENNETH WAYNE HARDING,      )
            )
      Plaintiff,      )
            )
v.            )      Case No. 3:13-cv-0449
            )
DAVIDSON COUNTY SHERIFF'S OFFICE,      )      Judge Sharp
OFFICER L. MITCHELL,      )
OFFICER C/O HOLLAND, and      )
L.T. GARMON,      )
            )
      Defendants.      )

## MEMORANDUM OPINION

Plaintiff Kenneth Wayne Harding has filed a *pro se* complaint (ECF No. 1) asserting claims against the Davidson County Sheriff's Office and three individual officers, arising from an alleged assault that took place while the plaintiff was detained by the Davidson County Sheriff's Office.

Because the plaintiff has been granted leave to proceed *in forma pauperis*, the Court must conduct an initial review of the complaint, 28 U.S.C. § 1915(e)(2), to determine whether the claims set forth therein are frivolous or malicious, fail to state a claim for which relief may be granted, or seek relief from a defendant who is immune from such relief. Any claims in the complaint that match such a description are subject to summary dismissal, prior to service on the defendants. *Id.* § 1915(e)(2)(B); *see also McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *reversed on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In conducting the initial screening, the Court must construe a *pro se* plaintiff's complaint liberally and hold the complaint to a less stringent standard than one drafted by an attorney. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

In his complaint, the plaintiff names as defendants the Davidson County Sheriff's Office, Officer L. Mitchell, Officer Holland, and L.T. Garmon. He alleges that on August 1, 2012, he was "assaulted by correctional office[r] L. Mitchell" while in a locked holding cell, and suffered a serious back injury as a result. (ECF No. 1, at 2.) The plaintiff claims that he did not receive necessary medical attention for his injury until after he was released on December 27, 2012.

Federal courts are courts of limited jurisdiction. The presumption is that a federal court lacks jurisdiction in a particular case until it has been demonstrated that jurisdiction over the subject matter exists. *Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S. 327, 337 (1895). The facts showing the existence of jurisdiction must be affirmatively alleged in the complaint. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); Fed. R. Civ. P. 8(a)(1).

The basic statutory grants of subject-matter jurisdiction for federal courts are contained in 28 U.S.C. § 1331, which provides for "federal question" jurisdiction, and 28 U .S.C. § 1332, which provides for "diversity of citizenship" jurisdiction. Diversity jurisdiction requires that "the matter in controversy exceed[] the sum or value of $75,000," and that the opposing parties be citizens of different states. 28 U.S.C. § 1332. Although the plaintiff seeks more than $75,000 in damages, diversity jurisdiction does not exist in this case because the defendants are not citizens of a different state than the plaintiff.

Consequently, the complaint must on its face provide at least an arguable basis for federal-question jurisdiction in order to survive the court's screening under 28 U.S.C. § 1915(e)(2). A plaintiff properly invokes federal-question jurisdiction when he pleads a colorable claim "arising under" the federal Constitution or laws. 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112–13 (1936)).

Construing the complaint liberally, the court infers from the plaintiff's allegations that he seeks to bring claims based on violations of his federal constitutional rights by the police-officer defendants, even though the plaintiff does not invoke any particular constitutional provision. The vehicle through which a plaintiff may vindicate violations of his constitutional rights is through an action under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege, not only that he was deprived of a right secured by the Constitution or laws of the United States, but also that the deprivation was caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). A failure to identify a right, privilege

or immunity secured by the Constitution that was violated will result in dismissal of the cause of action for failure to state a claim upon which relief can be granted. In addition, claims against entities or individuals who are not state actors and "persons" subject to suit under § 1983 must be dismissed.

The facts alleged by the plaintiff implicate the plaintiff's rights under either the Fourteenth or the Eighth Amendment to the United States Constitution, depending on whether he was a pretrial detainee or a convicted prisoner at the time the alleged assault occurred.[1] In either case, the plaintiff was constitutionally protected from "cruel and unusual punishments." U.S. Const. amend. VIII. The Supreme Court has construed this provision as prohibiting jail or prison officials from the "unnecessary and wanton infliction of pain," *Whitley v. Albers*, 475 U.S. 312, 320 (1986) (citations omitted), and therefore from the use of "excessive force." *Hudson v. McMillian*, 503 U.S. 1, 4 (1992). Likewise, prison officials are prohibited from "'unnecessarily and wantonly inflicting pain' on prisoners by acting with 'deliberate indifference' towards the inmate's serious medical needs." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).[2]

With regard to an excessive-force claim, the Supreme Court has stated that the "core judicial inquiry" is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins v. Gaddy*, 559 U.S. 34, ---, 130 S. Ct. 1175, 1178 (2010) (quoting *Hudson*, 503 U.S. at 7). "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated." *Hudson*, 503 U.S. at 9. In the present case, the plaintiff alleges that he was "assaulted" by Officer Mitchell inside a locked holding cell. Although the plaintiff does not state so affirmatively, the complaint may reasonably be construed to imply that the alleged "assault" was without provocation, or that the degree of force used was in excess of that needed to maintain or restore discipline. The Court therefore finds, for purposes of the initial review, that the

---

[1] A pretrial detainee's rights are protected by the Fourteenth Amendment rather than the Eighth, but the standard is basically the same. *See Miller v. Calhoun Cnty.*, 408 F.3d 803, 812 (6th Cir. 2005) ("Although the Eighth Amendment's protections apply specifically to post-conviction inmates, the Due Process Clause of the Fourteenth Amendment operates to guarantee those same protections to pretrial detainees as well.").

[2] Likewise, the Fourteenth Amendment "affords pretrial detainees a due process right to adequate medical treatment that is analogous to the Eighth Amendment rights of prisoners." *Graham v. Cnty. of Washtenaw*, 358 F.3d 377, 382 n.3 (6th Cir. 2004).

plaintiff has stated a colorable claim against Officer Mitchell under § 1983 based on the alleged use of excessive force in violation of the plaintiff's constitutional rights.

The plaintiff also alleges that he did not receive necessary medical treatment while he was detained. Again, while the allegations regarding the lack of medical care are somewhat vague and conclusory, the Court finds them to be sufficient, at this stage, to state a claim for deliberate-indifference to the plaintiff's serious medical needs. The problem is that the plaintiff does not identify who at the jail was responsible for providing medical care but refused to do so. The plaintiff names as defendants in this action two other officers: Holland and Garmon. He does not specifically indicate that these officers were involved in the denial of medical care, but the Court will construe the complaint at this stage to reasonably imply that these officers were personally involved in the denial of necessary medical care to the plaintiff. The claims against these defendants will, for now, be permitted to proceed on that basis.

The claim against the Davidson County Sheriff's Office, however, is subject to dismissal, because the Sheriff's Office is a division of Metropolitan Nashville and Davidson County ("Metro Nashville"), but is not itself a separate legal entity susceptible to liability under § 1983. *See, e.g.*, *Boykin v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir. 2007) (rejecting a claim against the township police department, which was subsumed within township itself for purposes of establishing municipal liability); *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) ("[T]he Sheriff's Department is not a legal entity subject to suit[.]" (citation omitted)). *See also Mathes v. Metro. Gov't of Nashville & Davidson Cnty.*, No. 3:10-cv-0496, 2010 WL 3341889, at *1–2 (M.D. Tenn. Aug. 25, 2010) (collecting cases holding that police and sheriff's departments are not entities subject to suit under § 1983).

Insofar as the claim against the Sheriff's Office might be liberally construed as a complaint against Metro Nashville itself, the law does provide that a municipality may qualify as a "person" subject to liability under § 1983. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). Nonetheless, a municipality cannot be held responsible for an alleged constitutional deprivation unless there is a direct causal link between a policy or custom of the municipality or entity and the alleged constitutional violation. *Id.* at 691; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Thus, to state a claim against a municipality, a plaintiff must first articulate a constitutional violation and then "identify the policy, connect the policy to the city itself and show that the particular injury [or

constitutional violation] was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363–64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The plaintiff here, while he may have identified a constitutional violation, as discussed above, has not shown how such a violation resulted from the existence and execution of a municipal policy. To the extent the claim against the Sheriff's Office might be construed as a claim against Metro Nashville, that claim too is subject to dismissal for failure to state a claim for which relief could be granted.

Accordingly, for the reasons set forth herein, the claims against the Davidson County Sheriff's Office will be dismissed on initial review, but the claims against the remaining three defendants will be permitted to proceed. An appropriate order is filed herewith.

Kevin H. Sharp
United States District Judge