IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

KENNETH WAYNE HARDING )
)
    v. ) NO. 3:13-0449
)
DAVIDSON COUNTY SHERIFF'S )
OFFICE, et al. )

TO:    Honorable Kevin H. Sharp, District Judge

# R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered May 20, 2013 (Docket Entry No. 4), this action was referred to the Magistrate Judge to enter a scheduling order for management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

Presently pending is the Motion to Dismiss (Docket Entry No. 15) of Defendants Michael Garmon and Joshua Holland. Also before the Court is the plaintiff's response in opposition (Docket Entry No. 22) and the Defendant's reply (Docket Entry No. 23). For the reasons set out below, the Court recommends that the motion be granted

## I. BACKGROUND

The plaintiff is a former inmate of the Davidson County Sheriff's Office ("DCSO"). He filed this action pro se and in forma pauperis on May 13, 2013, seeking damages under 42 U.S.C. § 1983 for alleged violations of his civil rights that occurred in 2012 while he was confined at a DCSO

facility. The plaintiff alleges that, on August 1, 2012, he was assaulted by correctional officer LeRonce Mitchell while in a holding cell and suffered a back injury. See Complaint (Docket Entry No. 1), at 2. He also contends that he did not get "the correct medical attention" until he was released on December 27, 2012. Id. Process was issued to the three defendants named in the Complaint – LeRonce Mitchell, Officer Joshua Holland, and Lt. Michael Garmon.[1] Defendant Mitchell has filed an answer (Docket Entry No. 24) to the Complaint.

In lieu of an answer, Defendants Holland and Garmon have filed the pending motion to dismiss. They contend that, although their names are listed in the caption and in the "other defendants" section of the Complaint, there are no factual allegations made against them anywhere in the Complaint. Thus, they argue that there are no factual allegations in the complaint supporting claims of personal liability against them and that the plaintiff has failed to state claims against them upon which relief can be granted. They also raise the defense of qualified immunity to any damage claims brought against them. See Memorandum in Support (Docket Entry No. 16).

In his response to the motion to dismiss, the plaintiff contends that Defendant Garmon is the person who took him to see medical personnel on August 3, 2012. See Docket Entry No. 22. He states that Defendant Holland was a witness to the assault and told the plaintiff that he [Holland] was sorry for what Defendant Mitchell had done but, at some point, Holland denied that he saw the assault. Id. The plaintiff has also filed an unsworn letter with the Court in which he makes an additional allegation that Defendant Garmon told the plaintiff that Garmon could not talk to the plaintiff about the alleged assault until the plaintiff had filed a grievance about the matter. See Docket Entry No. 21.

---

[1] Pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii), the Court dismissed all claims against the DCSO. See Docket Entry No. 4.

In their reply, the Defendants argue that any allegations made by the plaintiff outside his Complaint should not be considered by the Court because they are not factual averments contained in a pleading. Alternatively, the Defendants contend that these allegations, even if considered, are not sufficient to support claims of constitutional liability against them. See Docket Entry No. 23.

## II. STANDARD OF REVIEW

A motion to dismiss filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure is reviewed under the standard that the Court must accept as true all of the allegations contained in the complaint, resolve all doubts in the plaintiff's favor, and construe the complaint liberally in favor of the pro se plaintiff. See Kottmyer v. Maas, 436 F.3d 684 (6th Cir. 2006); Boswell v. Mayer, 169 F.3d 384, 387 (6th Cir. 1999); Morgan v. Church's Fried Chicken, 829 F.2d 10, 11-12 (6th Cir. 1987). However, although the complaint need not contain detailed factual allegations, the plaintiff must provide the grounds for his entitlement to relief and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

The factual allegations supplied must be enough to show a plausible right to relief. Twombly, 550 U.S. at 555-61. More than bare assertions of legal conclusions are required to withstand a motion to dismiss and the complaint must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory. Id.; Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436-37 (6th Cir. 1988). The Court need not accept as true

3

legal conclusions or unwarranted factual inferences. See Gregory v. Shelby Cnty., 220 F.3d 433, 446 (6th Cir. 2000). Although Rule 8 of the Federal Rules of Civil Procedure does not constitute a "hyper-technical, code-pleading regime," it "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Iqbal, 556 U.S. at 678-79. A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. at 678 (quoting Twombly, 550 U.S. at 557).

### III. CONCLUSIONS

The Defendants' motion to dismiss should be granted. Initially, the Court notes that the Defendants are correct that the factual allegations made in the plaintiff's response in opposition to the motion to dismiss and in his letter are not properly factual averments that can support a claim for relief. However, in light of the plaintiff's pro se status and the fact that he could move to amend his complaint to properly allege these facts, the Court declines to narrowly construe the allegations made in the plaintiff's filings. See JAT, Inc. v. National City Bank of Midwest, 460 F.Supp.2d 812, 818 (E.D.Mich. 2006); Dimov v. EMC Mortg. Corp., 2010 WL 2506717 (E.D.Tenn. June 17, 2010). Nonetheless, even when considered by the Court, these additional factual allegations are simply insufficient to support plausible legal claims for relief against either Defendant Holland or Defendant Garmon under Section 1983.

In order for a defendant to be held individually liable under 42 U.S.C. § 1983 there must be facts showing that the defendant was personally involved in some manner in the unconstitutional conduct at issue. Hardin v. Straub, 954 F.2d 1193, 1196 (6th Cir. 1992). A defendant's supervisory position and/or right to control other employees cannot form the basis for a claim of individual

4

liability because the theory of respondeat superior does not support a claim under Section 1983. Phillips v. Roane Cnty., Tenn., 534 F.3d 531, 543 (6th Cir. 2008); Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999), cert. denied, 530 U.S. 1264, 120 S.Ct. 2724, 147 L.Ed.2d 988 (2000); Hays v. Jefferson Cnty., 668 F.2d 869, 872 (6th Cir. 1982). To survive the motion to dismiss, the plaintiff must set out factual allegations that the Defendants personally participated in, or otherwise authorized, approved, or knowingly acquiesced in, the allegedly unconstitutional conduct. Greene v. Barber, 310 F.3d 889, 899 (6th Cir. 2002); Shehee, supra; Leach v. Shelby Co. Sheriff, 891 F.2d 1241, 1246 (6th Cir. 1989).

With respect to Defendant Garmon, the plaintiff's only allegations are that Garmon told the plaintiff that the plaintiff would have to file a grievance about the incident before Garmon would talk to him about the incident and that Garmon took the plaintiff, or ordered that he be taken, to the medical clinic. Such allegations are simply not sufficient to support a claim that Defendant Garmon had any personal role in the alleged attack upon the plaintiff or that he denied the plaintiff constitutionally adequate medical care.

With respect to Defendant Holland, the plaintiff's only allegation against Defendant Holland is that Holland witnessed the alleged attack by Mitchell but, at some unspecific later time, denied that he saw the attack. Although personal liability can be found against an officer who knowingly permits unconstitutional force to be used against a plaintiff in some circumstances, see Turner v. Scott, 119 F.3d 425, 429 (6th Cir. 1997), the plaintiff's scant allegations against Defendant Holland fail to support such a claim. To state a claim for relief, "[t]he factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief," League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir.

2007) (citing Twombly, 550 U.S. at 555), and the Court is not required to conjure up unpled allegations to support the plaintiff's claim and prevent its dismissal. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989).

Because the Court finds that the plaintiff fails to set out factual allegations that would support plausible claims against Defendants Garmon and Holland, there is no reason for the Court to address the Defendants' alternative argument of qualified immunity.

## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that the Motion to Dismiss (Docket Entry No. 15) of Defendants Michael Garmon and Joshua Holland be GRANTED and that these two Defendants be DISMISSED from the action.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge