IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

KENNETH WAYNE HARDING )
)
v. ) NO. 3:13-0449
)
DAVIDSON COUNTY SHERIFF'S )
OFFICE, et al. )

TO: Honorable Kevin H. Sharp, District Judge

# REPORT AND RECOMMENDATION

By Order entered May 20, 2013 (Docket Entry No. 4), this action was referred to the Magistrate Judge to enter a scheduling order for management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

Presently pending is the Motion for Summary Judgment (Docket Entry No. 33) of Defendant LeRonce Mitchell, to which the plaintiff has filed a response (Docket Entry No. 40). For the reasons set out below, the Court recommends that the motion be granted and this action be dismissed.

## I. BACKGROUND

The plaintiff is a former inmate of the Davidson County Sheriff's Office ("DCSO"). He filed this action pro se and in forma pauperis on May 13, 2013, seeking damages under 42 U.S.C. § 1983

for alleged violations of his civil rights that occurred in 2012 while he was confined at a DCSO facility. In a complaint that includes limited factual specifics, the plaintiff alleges that, on August 1, 2012, he was "assaulted" by correctional officer LeRonce Mitchell while in a holding cell and suffered a back injury. See Complaint (Docket Entry No. 1), at 2. He also contends that he did not get "the correct medical attention" until he was released on December 27, 2012. Id. Process was issued to the three defendants named in the complaint – LeRonce Mitchell, Officer Joshua Holland, and Lt. Michael Garmon. By Order entered October 25, 2013 (Docket Entry No. 28), the Court granted a motion to dismiss filed by Defendants Garmon and Holland and dismissed the claims against them with prejudice.

Defendant Mitchell seeks summary judgment on both claims asserted by the plaintiff. Defendant Mitchell admits to having an interaction with the plaintiff on August 1, 2012, in which he temporarily placed the plaintiff in a holding cell before escorting the plaintiff back to his work duty in the kitchen, but denies that he used any physical force against the plaintiff, let alone force that rises to the level of unconstitutionally excessive force. Defendant Mitchell further asserts that the plaintiff's allegation of an assault was determined to be unfounded after being investigated by the DCSO. With respect to the plaintiff's allegations that he was denied adequate medical care, Defendant Mitchell asserts that there is no evidence that (1) the plaintiff had any type of serious medical need about which Mitchell was aware, or (2) that Mitchell acted with deliberate indifference to the plaintiff's need for medical treatment. Defendant Mitchell further asserts that the plaintiff was, in fact, seen by the DCSO medical staff on August 3, 2012. In addition to challenging the evidentiary basis for the plaintiff's claims, Defendant Mitchell also raises the defense of qualified immunity to any damage claims brought against him. Defendant Mitchell supports his motion with

his own declaration (Docket Entry No. 36), with excerpts from the plaintiff's deposition (Docket Entry No. 35-2), and with his Concise Statement of Undisputed Material Facts (Docket Entry No. 35).

In response to the motion, the plaintiff filed a one-page, unsworn statement in which he contends that Defendant Mitchell is not being truthful, that Mitchell assaulted him, and that he [the plaintiff] and Mrs. Bertha Curren will take a lie detector test. See Docket Entry No. 40. The plaintiff further disputes four of the factual statements set out in the Defendant's Statement of Undisputed Material Facts. Id.

## II. STANDARD OF REVIEW

A motion for summary judgment is reviewed under the standard that summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. See also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." Sowards v. Loudon Cnty., 203 F.3d 426, 431 (6th Cir.), cert. denied, 531 U.S. 875, 121 S.Ct. 179, 148 L.Ed.2d 123 (2000). In reviewing a motion for summary judgment, the Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." See Matsushita Elec. Indus. Co. v. Zenith

Radio Corp., Ltd., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Gribcheck v. Runyon, 245 F.3d 547, 550 (6th Cir.), cert. denied, 534 U.S. 896, 122 S.Ct. 217, 151 L.Ed.2d 155 (2001).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. Anderson, 477 U.S. at 249-50. However, "[t]he moving party need not support its motion with evidence disproving the non-moving party's claim, but need only show that 'there is an absence of evidence to support the non-moving party's case.'" Hayes v. Equitable Energy Res. Co., 266 F.3d 560, 566 (6th Cir. 2001) (quoting Celotex Corp., 477 U.S. at 325).

"Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." Goins v. Clorox Co., 926 F.2d 559, 561 (6th Cir. 1991). The party opposing the motion for summary judgment may not rely solely on the pleadings but must present evidence supporting the claims asserted by the party. Banks v. Wolfe Cnty. Bd. of Educ., 330 F.3d 888, 892 (6th Cir. 2003). Moreover, conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not sufficient to defeat a well-supported motion for summary judgment. See Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). In other words, to defeat summary judgment, the party opposing the motion must present affirmative evidence to support his or her position; a mere "scintilla of evidence" is insufficient. Bell v. Ohio State Univ., 351 F.3d 240, 247 (6th Cir. 2003) (quoting Anderson, 477 U.S. at 252).

### III. CONCLUSIONS

The Constitutional standards for the claims raised by the plaintiff are well-settled.[1] The Eighth Amendment prohibits the wanton and unnecessary infliction of pain upon a prison inmate, Whitley v. Albers, 475 U.S. 312, 319-20, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986), and the unjustified infliction of bodily harm upon a prisoner by a prison guard gives rise to a claim under 42 U.S.C. § 1983. Caldwell v. Moore, 968 F.2d 595, 599 (6th Cir. 1992); Franklin v. Aycock, 795 F.2d 1253, 1258 (6th Cir. 1986). Additionally, the government has a constitutional obligation to provide medical care for the individuals it incarcerates, and "deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

However, because the Eighth Amendment does not protect against ordinary torts or claims of negligence, the plaintiff's claims require proof of a level of objective severity and mental culpability that is necessary to implicate constitutional protections. Accordingly, a plaintiff must show that he was subjected to an action that rises to the level of constitutional magnitude, see Hudson v. McMillian, 503 U.S. 1, 9-10, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992), and de minimis uses of force against a prison inmate, provided they are not the sort that are "repugnant to the conscience of mankind," do not fall within the scope of constitutional protection. Id.; Leary v. Livingston Cnty., 528 F.3d 438, 443 (6th Cir. 2008). With respect to claims of inadequate medical treatment, a

---

[1]Although it was unclear to the Court at the time the complaint was filed whether the plaintiff was at the DCSO as a convicted prisoner or a pre-trial detainee, the Defendant asserts in his motion that the plaintiff was a convicted prisoner during the relevant time period. See Docket Entry No. 34, at 2. The plaintiff has not disputed this assertion.

plaintiff must show that he had a "sufficiently serious" medical need, Blackmore v. Kalamazoo Cnty., 390 F.3d 890, 897 (6th Cir. 2004); Comstock v. McCrary, 273 F.3d 693, 703 (6th Cir. 2001), and that the defendant acted with deliberate indifference, as opposed to mere inattentiveness. Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

The plaintiff's allegations were sufficient to permit the case to survive frivolity review under 28 U.S.C. § 1915(d). See Memorandum Opinion (Docket Entry No. 3), at 3-4. However, when a motion for summary judgment is made and properly supported under Rule 56 of the Federal Rules of Civil Procedure, such as the motion filed by the Defendant, the non-moving party may not merely rest on allegations contained in the complaint, but must respond with affirmative evidence supporting his claims and establishing the existence of a genuine issue of material fact. See Celotex Corp., 477 U.S. at 323-24; Chao v. Hall Holding Co., Inc., 285 F.3d 415, 424 (6th Cir. 2002); Cloverdale Equip. Co. v. Simon Aerials, Inc., 869 F.2d 934, 937 (6th Cir. 1989); Gregg v. Allen-Bradley Co., 801 F.2d 859, 861 (6th Cir. 1986). As the Sixth Circuit has noted, when a defendant files a motion for summary judgment, the plaintiff is challenged to "put up or shut up" on a critical issue. Street v. J.C. Bradford & Co., 886 F.2d 1472, 1478 (6th Cir. 1989). Although the plaintiff is proceeding pro se, his pro se status does not relieve him of the obligation under Rule 56 to set forth admissible evidence showing that genuine issues of material fact exist which require that the action proceed to trial. This is the threshold requirement for all non-moving parties when summary judgment is sought by an opposing party. Sixty Ivy St. Corp. v. Alexander, 822 F.2d 1432, 1435 (6th Cir. 1987).

The plaintiff has not set forth any actual evidence supporting his claims or rebutting the evidence presented by the Defendant. His complaint is virtually devoid of factual allegations

6

concerning the specifics of his allegations and claims. Additionally, the plaintiff's response to the motion for summary judgment is itself lacking in factual specifics concerning his claims and is further an unsworn statement which cannot be considered as evidence rebutting the motion for summary judgment. See Adickes v. S.H. Kress & Co., 398 U.S. 144, 158 n.17, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); Dole v. Elliott Travel & Tours, Inc., 942 F.2d 962, 969 (6th Cir. 1991). Given the dearth of evidence from the plaintiff supporting his claims, any factual questions fail to rise to the level of genuine issues of material fact that require that this action proceed to trial. The only actual evidence before the Court is that which has been presented by the Defendant. In light of this evidence and in light of the lack of any supporting evidence from the plaintiff, no reasonable jury could find that the plaintiff suffered a constitutional violation at the hands of Defendant Mitchell based on the constitutional standard required for the plaintiff's claims. Because the Court finds that there is insufficient evidence to support a constitutional claim, it is unnecessary to address the Defendant's alternative argument of qualified immunity.

**RECOMMENDATION**

The Court respectfully RECOMMENDS that the Motion For Summary Judgment (Docket Entry No. 33) be GRANTED and that this action be DISMISSED WITH PREJUDICE.

The Court further RECOMMENDS that any appeal NOT be certified under 28 U.S.C. § 1915(a)(3) as taken in good faith.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which

objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

    Respectfully submitted,

    JULIET GRIFFIN
    United States Magistrate Judge